IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOT FOODS, INC., )
 )
        Plaintiff, )
 )
v. )  1:10CV707
 )
SOUTHERN FOODS GROUP, LLC, )
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion to Remand (Docket Entry 10). Because Defendant lacked an objectively reasonable basis for removal, the Court will grant Plaintiff's instant motion, will remand the case to state court, and will order Defendant to pay Plaintiff's attorney fees in the amount of $2,574.00.[1]

### BACKGROUND

Plaintiff originally commenced this case in a North Carolina state court, whereupon (on September 14, 2010) Defendant removed the case to this Court based on diversity jurisdiction. (See Docket Entries 1, 3.) Plaintiff's Motion to Remand asserts that such "removal [wa]s improper pursuant to 28 U.S.C. § 1441(a) as limited by (b)." (Docket Entry 10 at 1.) In addition to a remand to state court, the motion seeks "an award of all costs and actual expenses, including reasonable attorneys' fees incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c)." (Id.)

---

[1] For the reasons stated in Thomas v. North Carolina, No. 1:10CV226, 2010 WL 2176075 at *6-8 (M.D.N.C. May 21, 2010) (unpublished), the undersigned United States Magistrate Judge disposes of this matter by order, rather than by recommendation.

With its remand motion, Plaintiff filed a brief setting out a thorough analysis (with proper citation of authority) as to the impropriety of Defendant's removal of this case. (See id. at 3-6.) In sum, Defendant is a citizen of North Carolina and Plaintiff is not; under such circumstances, Plaintiff could have instituted this action in federal court, but once it chose to proceed in Defendant's "home-state" state court, Defendant could not remove the case to federal court based on diversity jurisdiction. (See id. at 4-5.) Plaintiff's brief also detailed the proper standard for an award of costs, including attorney fees, in cases involving improper removal; in sum, the Court may order such reimbursement if a removal lacks an objectively reasonable basis. (See id. at 6-9.)

In response to Plaintiff's remand motion, Defendant "state[d] that it d[id] not object to the remand of this matter to [state court], but strenuously objects to the prayer in Plaintiff's Motion for sanctions, attorneys' fees or costs." (Docket Entry 12 at 1.) The entirety of Defendant's argument in support of its foregoing strenuous objection consisted of the following statement: "Had counsel asked, Defendant would have consented, avoiding this Motion." (Id.) Defendant's response neither cited any authority in support of its position, nor addressed the standard for awarding attorney fees under 28 U.S.C. § 1447(c). (See id.)

Plaintiff thereafter filed a reply, to which it attached an affidavit of counsel and an itemization of attorney fees (totaling $2,574.00) related to the removal. (Docket Entries 14, 14-1.) Said affidavit recited, in relevant part, as follows:

2

> [D]uring a conference call between counsel for Plaintiff
> . . . and counsel for Defendant . . . on August 20, 2010,
> [Defendant's counsel] informed [Plaintiff's counsel] that
> he intended to remove this case to federal court.
> [Plaintiff's counsel] responded that [she] did not
> believe the case could be removed because [Plaintiff] had
> filed it in the Defendant's "home court."

(Docket Entry 14-1 at 2.)

In light of Plaintiff's submission of an affidavit and a schedule of attorney fees, the Court invited Defendant to submit a sur-reply (Docket Entry dated Oct. 22, 2010), which it did, along with an affidavit from its counsel (Docket Entries 15, 15-1). In that filing, Defendant did not contest Plaintiff's counsel's above-quoted, sworn report of their exchange on August 20, 2010; instead, Defendant's counsel averred: "As [Plaintiff's counsel] <u>correctly recites in her Affidavit</u>, she mused in the background that she was not sure that the action was removable." (Docket Entry 15-1 at 1 (internal citation omitted) (emphasis added).)

## DISCUSSION

As Plaintiff's brief ably demonstrates and as Defendant now concedes, Defendant improperly removed this case from state court to this Court. Accordingly, the Court will remand this case back to state court. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 140 (2005). As a result, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.

§ 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141. However, a party seeking fees need not demonstrate bad faith by the removing party. See Canadian Am. Ass'n of Prof'l Baseball, Ltd. v. Ottawa Rapidz, 686 F. Supp. 2d 579, 589 (M.D.N.C. 2010) ("[B]ad faith is not required to award fees [under § 1447(c)].").

Plaintiff has shown and Defendant effectively has acknowledged that, in this case, Defendant "lacked an objectively reasonable basis for seeking removal," Martin, 546 U.S. at 141. Defendant nonetheless objects to Plaintiff's reimbursement request on the ground that Plaintiff should have dissuaded Defendant from removing the case or persuaded Defendant to agree to remand without filing the instant motion. (See Docket Entry 15.) Although the Court agrees that parties and their counsel generally should work cooperatively to minimize the expense of litigation, the Court does not find Defendant's objection to Plaintiff's petition for attorney fees persuasive in the context of this case for several reasons.

First, Defendant has not cited any authority to support the view that a party opposed to removal must act in the manner Defendant suggests to recover attorney fees under § 1447(c). Second, Defendant has not shown how much "convincing" it would have required from Plaintiff before it would have consented to remand and/or how the expense to Plaintiff in attorney time to prepare and to make such a "case" to Defendant would have differed from the

4

expense to Plaintiff in attorney time to prepare and to file the instant motion.[2]  Third, the parties agree that, prior to removal, Plaintiff's counsel advised Defendant's counsel that Plaintiff's counsel "did not believe the case could be removed because [Plaintiff] had filed it in the Defendant's 'home court.'" (Docket Entry 14-1 at 2.)[3]  Despite this warning, Defendant failed to undertake a sufficient review of the applicable law and removed the case without any objectively reasonable basis.

Under these circumstances, Defendant's objectively unreasonable removal of this case warrants reimbursement of Plaintiff's attorney fees under § 1447(c).  Because the record reflects no basis to find either the hourly rate charged or number of hours expended by Plaintiff's counsel unreasonable, the Court will award the full amount of attorney fees requested by Plaintiff.

---

[2] The plain language of § 1447(c) would appear to encompass attorney fees incurred by a plaintiff to secure a defendant's agreement to file a joint motion to remand (where, as here, removal occurred without a reasonable basis).

[3] Defendant's counsel attempts to re-characterize Plaintiff's counsel's description of her comments to him on August 20, 2010, as "mus[ings] in the background that she was not sure that the action was removable." (Docket Entry 15-1 at 1.)  In fact, Plaintiff's counsel averred that, after Defendant's counsel "informed [Plaintiff's counsel] that he intended to remove this case to federal court[,] [she] responded that [she] did not believe the case could be removed because [Plaintiff] had filed it in the Defendant's 'home court.'" (Docket Entry 14-1 at 2 (emphasis added).)  If Defendant's counsel challenged this account of their exchange, he should have said so and the Court likely would have held an evidentiary hearing.  Instead, Defendant's counsel expressly agreed that Plaintiff's counsel "correctly recited" what occurred, but invited the Court to treat her words as having a content different than their plain meaning would suggest (i.e., that "responded" equals "mused in the background" and that "did not believe" something for a concrete reason equals "not sure" of something for unknown reasons). (Docket Entry 15-1 at 1.)  The Court declines that invitation.  Moreover, the Court has considered the other matters set out in the affidavit of Defendant's counsel (id. at 1-2), but finds that, even if accepted as true, such assertions fail to warrant denial of Plaintiff's request for attorney fees.

CONCLUSION

Defendant lacked an objectively reasonable basis to remove this case to federal court. Given that fact and other relevant considerations, the Court not only will remand the case to state court, but also will exercise its discretion to order Defendant to pay Plaintiff's attorney fees arising from the improper removal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Docket Entry 10) is **GRANTED**, that this action is **REMANDED** to state court, and that Defendant shall pay $2,574.00 to Plaintiff, pursuant to 28 U.S.C. § 1447(c). The Court stays this Order for 15 days because "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). If any party files an objection to this Order, the 15-day stay shall continue in effect until further order of the Court, but, if no objections are filed, at the end of the 15-day period, the Clerk shall send a certified copy of this Order to the Clerk of the General Court of Justice, District Court Division, for Guilford County, North Carolina.

                                        /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                              **United States Magistrate Judge**

November 4, 2010